### JAECKEL et al. v. DAVID.

#### (Supreme Court, Appellate Term. April 22, 1901.)

1. TRIAL—EVIDENCE—MATERIALITY OF QUESTION.

    Suit was brought for the price of a garment, and defended on the ground that it was not according to the style ordered. Plaintiff's evidence tended to show that it was ordered from another garment as a model, but defendant testified that it was ordered from a fashion plate, and a witness for plaintiff, who identified a garment as the style shown defendant, was asked on rebuttal as to the number of the style she selected. *Held*, that the exclusion of such evidence as immaterial was not error, in the absence of an explanation by counsel that it was intended to identify the fashion plate as the model from which the garment was selected, since such purpose was not apparent from the evidence.

2. WITNESSES—EXPERT TESTIMONY—EXAMINATION.

    Where a furrier is examined as witness on an issue relating to the nature of the models used for garments, it is not error to allow him to be cross-examined as to models of other furriers, when such testimony is stated by the court to be only for the purpose of testing the competency of the witness as an expert.

Appeal from municipal court of city of New York, Seventh district.

Action by Albert Jaeckel and others against Jennie David to recover the price of a fur garment sold defendant. From a judgment of the New York municipal court in favor of defendant, plaintiffs appeal. Affirmed.

Argued before BISCHOFF, P. J., and CLARKE and LEVENTRITT, JJ.

Morris Meyer, for appellants.

Moses H. Grosman, for respondent.

BISCHOFF, P. J. The issue of fact was directed to the plaintiffs' performance of their agreement to make a fur garment for the defendant according to the style ordered by her, and this appeal is founded upon asserted errors in rulings upon evidence in two instances.

Plaintiffs' witness Smith, on redirect examination, identified a garment as representing the style or model which was shown to the defendant when she gave her order, and upon being asked, "What was the number of the style she selected from?" the question was excluded as immaterial and irrelevant. This testimony was offered in rebuttal, evidence having been given by the defendant that the model from which she gave her order differed from the garment delivered by the plaintiffs; and it did not appear distinctly whether the model thus stated to have been used as the basis of the order was a complete garment or a fashion plate, which last she testified had been shown her. It is claimed for the appellant that the purpose of the question as to the style number was to identify a fashion plate as the model from which the order was given; but this purpose was not suggested by the form of the question nor disclosed at the trial, and, since the plaintiffs' apparent proof was that the garment itself was the model, testimony as to the number of a picture of the same model was immaterial, in the absence of some explanation by counsel as to the object of the offer.

The remaining point had to do with questions asked this same witness, on cross-examination, based upon models of other furriers. The objections were taken, however, after the questions were asked, without a motion to strike out, and in any event, since the answers were within the scope of the questions, the objection was addressed simply to the discretion of the court below. Moreover, the questions were not incompetent, and were stated by the court to bear only on the qualifications of the witness as an expert. For this purpose the inquiry was relevant, and we must assume that the appellants' counsel was not apprehensive of the jury's misunderstanding the restriction, for he requested no instructions to them upon the subject.

The judgment should be affirmed, with costs. All concur.